**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4808

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NATHAN TAYLOR,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:07-cr-00008-FPS)

Submitted:  August 25, 2008        Decided:  September 4, 2008

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen D. Herndon, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Taylor pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Taylor appeals his 180-month sentence, arguing that the district court erred in sentencing him as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2000) ("ACCA"). Finding no reversible error, we affirm.

A person who violates § 922(g)(1), possession of a firearm by a convicted felon, and has three prior convictions for violent felonies or serious drug offenses committed on different occasions is an armed career criminal subject to enhanced penalties. See 18 U.S.C. § 924(e)(1). Under § 924(e), a "violent felony" is defined as a crime punishable by imprisonment for a term exceeding one year that is one of several specified offenses, or a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii) (2000). In considering whether the district court properly designated Taylor an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003).

Taylor first contests the district court's consideration of his Ohio state escape conviction as a predicate conviction under the ACCA. Even assuming, arguendo, that Taylor's position is well

2

taken, we find that Taylor still has the requisite number of qualifying predicate convictions to qualify him as an armed career criminal.

Specifically, we reject Taylor's argument that the district court improperly considered his two armed robbery convictions as separate offenses under the ACCA. We have held that, for purposes of § 924(e), "offenses occur on occasions different from one another when each offense 'arose out of a separate and distinct criminal episode.'" United States v. Leeson, 453 F.3d 631, 640 (4th Cir. 2006) (citing United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995)). The district court should consider the following factors in determining whether two prior offenses arose out of a single criminal episode:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.

Id. (citing Letterlough, 63 F.3d at 335-37). Moreover, "if any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." Leeson, 453 F.3d at 640-41.

We conclude that Taylor's armed robbery convictions were properly considered as two separate qualifying convictions under the ACCA. For this reason, and because, at the very least, his two

3

robbery convictions constitute one predicate conviction, we find that Taylor had the necessary three qualifying predicate convictions to support the application of the ACCA. He was therefore properly sentenced as an armed career criminal.

Accordingly, we affirm Taylor's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED